UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUNSCREEN MIST HOLDINGS, LLC, a
Michigan limited liability company,

      Plaintiff,

v.                                          Case No: 2:17-cv-132-FtM-99MRM

SNAPPYSCREEN, INC.,

      Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's 2nd Motion for Alternate Service (Doc. 21) filed on September 15, 2017 and Defendant's response thereto (Doc. 22) filed on September 29, 2017. This matter is ripe for review.

In its present motion, Plaintiff once again seeks relief related to service. (Doc. 21 at 1-6). After review of the parties' filings, however, it is clear that Plaintiff did not comply with the Court's prior Order dated August 17, 2017 (Doc. 20). Furthermore, as before, it appears that Plaintiff's inability to serve Defendant is based on a lack of diligence by Plaintiff. At this point, Plaintiff has failed to serve Defendant timely, and the time to do so has long passed. Therefore, for the reasons explained in greater detail below, the Undersigned recommends that Plaintiff's

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

2nd Motion for Alternate Service (Doc. 21) be denied and that this action be dismissed pursuant to Fed. R. Civ. P. 4(m) for Plaintiff's failure to serve Defendant timely.

**I.      Background**

Plaintiff has had significant trouble effecting service of process on Defendant. In fact, the Motion, *sub judice*, is Plaintiff's third motion directed at service in this action. (*See* Docs. 12, 15, 21). In its penultimate motion on this issue, Plaintiff sought an order deeming Defendant served. (Doc. 15 at 6). In the alternative, Plaintiff sought to serve Defendant (1) by sending process to Defendant's attorney by email or (2) via service by publication. (*See id.* at 4-6). Additionally, Plaintiff asked that the Court allow it to conduct discovery to learn the whereabouts of Defendant's operations and the locations of its employees and principals. (*Id.* at 6). The Court rejected all of Plaintiff's requests because they were unsupported by authority or because they did not comply with the applicable statutes. (Doc. 20 at 7-10).

Notwithstanding Plaintiff's failures, the Court found that Plaintiff should be allowed additional time to serve Defendant. (*Id.* at 9). The Court stated that "while the failure to serve Defendant appears to be primarily the result of a lack of diligence by Plaintiff, it is nevertheless clear that Plaintiff has made repeated attempts to serve Defendant and that Plaintiff wishes this action to continue." (*Id.*). As a result, the Court, in its discretion, extended the time for service, allowing Plaintiff to have thirty (30) days from the date of the Order to effect service of process on Defendant. (*Id.*). However, the Court warned Plaintiff that failure to serve Defendant within the allotted time may cause the Undersigned to recommend that this action be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve Defendant timely.

**II.     Plaintiff's 2nd Motion for Alternate Service ([Doc. 21](Doc. 21))**

In its present Motion, Plaintiff once again seeks to serve Defendant (1) by sending process to Defendant's attorney via email or (2) via service by publication. ([Doc. 21 at 4](Doc. 21 at 4)). Plaintiff argues that, despite conducting significant business in Florida, Defendant does not have a registered agent in Florida. (*Id.* at 1). Additionally, Plaintiff contends that, since the Court's August 17, 2017 Order, it has made six attempts to serve Defendant, but has been unsuccessful. (*Id.* at 2). As a result, Plaintiff contends that Defendant "continues to evade service of the Complaint in this matter, and more diligence on behalf of the Plaintiff is unlikely to yield new or different results. Given that the Defendant is actively evading service, the Plaintiff requires relief from this Court, or service may never be effected." (*Id.*).

Defendant, responding by special appearance, argues that Plaintiff's Motion should be denied in its entirety. ([Doc. 22 at 9](Doc. 22 at 9)). Specifically, Defendant contends that "[a]lternate service is not warranted as Plaintiff failed to establish the required due diligence or that the Defendant is evading service." (*Id.*). Additionally, Defendant argues that "Plaintiff failed to establish that service by publication in two Boca Raton papers is proper." (*Id.*). Furthermore, Defendant argues that "this case should be dismissed for failure to effect service and comply with this Court's Order dated August 17, 2017." (*Id.*). Finally, Defendant "also requests attorney's fees for Plaintiff [sic] repeated conduct including the same false factual allegations, failure to confer with Defendant prior to filing this motion and submission of a misleading Affidavit of Due Diligence." (*Id.*).

**III.    Legal Standards**

[Fed. R. Civ. P. 4(h)](Fed. R. Civ. P. 4(h)) governs service of entities. The Rule states that an entity must be served:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h). Fed. R. Civ. P. 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Moreover, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citations omitted). Plaintiff has the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-cv-1811-Orl-37KRS, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

A plaintiff is responsible for serving a defendant with a summons and the complaint within the time allowed under Fed. R. Civ. P. 4(m). *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). The Rule states:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As indicated by the rule, a plaintiff generally must serve a defendant within 90 days. *See id.* Nevertheless, the Court may extend the time period for service for "good cause." *Lepone-Dempsey*, 476 F.3d at 1281. The Eleventh Circuit has noted, however, that good cause exists to extend the time for service "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)).

Nonetheless, even absent a showing of good cause, the Court still retains the power, in its discretion, to extend the time for service of process. *Id.* at 1282 (citing *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005)). In fact, even "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* Such other circumstances include whether the statute of limitations would bar refiled relief or evasion of service by a defendant. *Id.* (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). The Eleventh Circuit has stated that "[o]nly after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*

### IV. Analysis

Plaintiff argues that it should be allowed to serve Defendant by an alternate means of service. Specifically, Plaintiff requests that the Court allow it to serve Defendant (1) by sending process to Defendant's attorney by email or (2) via service by publication. (Doc. 21 at 3-4). Upon review, however, the Undersigned finds that Plaintiff has not made an adequate showing that it should be allowed to effect service in either manner.

First, as to Plaintiff's request that the Court allow it to serve Defendant by sending process to Defendant's attorney by email, Plaintiff recycles the exact same argument that the Court rejected in the August 17, 2017 Order. Specifically, as before, Plaintiff argues that it is "in the interest of effective administration of justice" to authorize service by email to Defendant's counsel. (*Compare* Doc. 15 at 5, *with* Doc. 21 at 3). Nevertheless, as before, Plaintiff cited **no** relevant authority for the proposition that the Court may authorize service by email to Defendant's counsel. (*Compare* Doc. 15 at 4-5, *with* Doc. 21 at 3). In the absence of any citation to supporting authority, the Undersigned finds that Plaintiff has once again failed to meet its burden of establishing that it is entitled to such relief. *See Zamperla*, 2014 WL 1400641, at \*1. The Undersigned recommends, therefore, that this request be denied.

Likewise, Plaintiff again argues that it should be allowed to serve Defendant by publication. (*Compare* Doc. 15 at 5-6, *with* Doc. 21 at 3-4). On this point, the Court previously informed Plaintiff in the August 17, 2017 Order that it had not even minimally complied with the Florida statutes allowing service by publication. (Doc. 20 at 7 (citing Fla. Stat. § 49.011 *et seq*.)). Despite this Order, Plaintiff has again failed to file the materials necessary for the Court to allow service by publication. (*See* Doc. 21). As the Court stated previously, the Florida statutes governing service of process "are strictly construed." *Estela v. Cavalcanti*, 76 So. 3d 1054, 1055 (Fla. Dist. Ct. App. 2011); *see also Bedford Computer Corp. v. Graphic Press, Inc.*, 484 So. 2d 1225, 1227 (Fla. 1986) (per curiam); *Sunblest Prods., Inc. v. Vroom Enters., Inc.*, 508 So. 2d 770, 771 (Fla. Dist. Ct. App. 1987) ("The constructive service statute is strictly construed against the party who seeks to obtain service of process under it.")). As before, Plaintiff still has not provided a sworn statement as prescribed by Fla. Stat. § 49.051. Moreover, Plaintiff has not provided a notice of action as required by Fla. Stat. § 49.08. Because Plaintiff failed to comply

strictly with the Florida statutes regarding service by publication, in addition to failing to comply with this Court's August 17, 2017 Order informing Plaintiff of these deficiencies, the Undersigned recommends that Plaintiff's request to serve Defendant by publication be denied.

At this point, the Undersigned notes that Plaintiff filed its Complaint on March 2, 2017. ([Doc. 1](#)). Despite Plaintiff's previous failures to serve Defendant timely, the Court, in its discretion, extended the time for service by a period of thirty (30) days. ([Doc. 20 at 9](#)). Notwithstanding this grant of additional time, Plaintiff has not acted diligently to serve Defendant.

Specifically, Plaintiff filed an "Affidavit of Due Diligence" dated September 6, 2017. ([Doc. 21 at 6](#)). In that document, the affiant – David Klein – states that he attempted to serve Defendant on multiple occasions. (*Id.*). Plaintiff argues that this evidence shows that Defendant was evading service. (*Id.* at 2). In response, however, Defendant argues that the Affidavit of Due Diligence is misleading because it contains stale information. ([Doc. 22 at 1](#)). Defendant points out that Plaintiff never informed the Court of the steps its process server took to serve Defendant after the Affidavit of Due Diligence was created. (*See id.* at 2). Additionally, Defendant provided an affidavit from its CEO, Kristen M. McClellan. ([Doc. 22-2](#)). In pertinent part, Ms. McClellan gives an explanation why she was unavailable at certain times the process server attempted service. (*Id.* at 1-2). Moreover, Ms. McClellan states that she and the process server scheduled a day and time for the process server to serve Defendant, but the process server failed to show up at the agreed time. (*Id.* at 2-3). Furthermore, Ms. McClellan states that she offered to have her sister – a colleague at Snappyscreen, Inc. – accept service at a time when she was unavailable, but the process server refused. (*Id.* at 2 ¶ 11).

In reviewing Plaintiff's attempts to serve Defendant, the Undersigned notes that, as stated by Defendant, Plaintiff never informed the Court of the steps its process server took to serve Defendant after the creation of the Affidavit of Due Diligence. (*See* Doc. 22 at 1). For instance, Plaintiff did not inform the Court that its process server had an agreement to meet with Ms. McClellan to effect service but failed to show. (Doc. 22-2 at 2 ¶ 11). Moreover, Plaintiff has provided no explanation why it only sought to serve Ms. McClellan given that, for instance, process may be served on other persons of a corporation under Florida law. *See* Fla. Stat. § 48.081. In sum, the evidence provided by the parties again suggests that Plaintiff has failed to act with sufficient diligence in attempting to serve Defendant. Furthermore, Defendant's attempt to set up a time to be served establishes that Defendant is not evading service as alleged by Plaintiff.

At this time, Defendant still has not been served, and the time to do so has long passed. *See* Fed. R. Civ. P. 4(m). Nonetheless, as stated above, the Court may extend the time period for service for "good cause." *Lepone-Dempsey*, 476 F.3d at 1281. Good cause, however, only exists "when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* (citing *Prisco*, 929 F.2d at 604). Here, despite being granted additional time to serve Defendant, Plaintiff failed to act with diligence. Moreover, Plaintiff's current Motion recycled rejected arguments, *again* failed to cite authority in support of its arguments, and failed to comply with this Court's August 17, 2017 Order. (*See* Doc. 21). Based on these failures by Plaintiff, the Undersigned finds that Plaintiff has not shown that good cause exists to extend further the time for service.

Nevertheless, as stated previously, even in the absence of a showing of good cause, the Court still retains the power, in its discretion, to extend the time for service of process. *Lepone-*

*Dempsey*, 476 F.3d at 1282 (citing *Horenkamp*, 402 F.3d at 1132-33). Moreover, even when a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the Court must still consider "whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* Such other circumstances include whether the statute of limitations would bar refiled relief or evasion of service by a defendant. *Id.* (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). Here, however, Plaintiff has not suggested that the statute of limitations would bar refiled relief in this action. *See id.* Moreover, while Plaintiff has alleged evasion of service by Defendant, the facts presented do not support a finding that Defendant is evading service. Instead, as explained above, Plaintiff's failure to serve Defendant is based on a lack of diligence by Plaintiff. As such, there do not appear to be any other circumstances that would warrant a further extension of the time for Plaintiff to serve Defendant. *See id.*

Based upon the foregoing, the Undersigned recommends that this action be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve Defendant timely.

As a final matter, the Undersigned notes that Defendant requests attorneys' fees for Plaintiff's "repeated conduct including the same false factual allegations, failure to confer with Defendant prior to filing this motion and submission of a misleading Affidavit of Due Diligence." (Doc. 22 at 9). If the Court adopts this Report and Recommendation, then the Undersigned recommends that Defendant's request for fees be denied because dismissal is a sufficient sanction for Plaintiff's conduct in this action. If the Court declines to adopt this Report and Recommendation and grants Plaintiff additional time to serve Defendant, then the Undersigned recommends that Defendant be allowed to file a separate motion seeking attorneys'

fees within fourteen (14) days from the date of the District Judge's order resolving this Report and Recommendation.

**V.      Conclusion**

Accordingly, for the reasons articulated above, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1) Plaintiff's 2nd Motion for Alternate Service (Doc. 21) be **DENIED**.

2) This action be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve Defendant timely.

3) If the Court adopts this Report and Recommendation, then the Undersigned recommends that Defendant's request for attorneys' fees be denied. If the Court declines to adopt this Report and Recommendation, then the Undersigned recommends that Defendant be allowed to file a separate motion relating to attorneys' fees issues within fourteen (14) days from the date of the District Judge's order resolving this Report and Recommendation.

Respectfully recommended in Chambers in Fort Myers, Florida on November 14, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties